UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ISMAEL S. KELLY,

                    Plaintiff,

          -against-

FOOD AND DRUG ADMINISTRATION; THE
MAKERS AND COMPANY OF THE DRUG
RESPIRIDOL; THE MENTAL HOSPITAL;
THE PHARMACY FOR DISTRIBUTION,

                    Defendants.

---

23-CV-0750 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction, 28 U.S.C. § 1331. Named as Defendants are the Food and Drug Administration, "the makers and company of the drug Respiridol," "the mental hospital," and "the pharmacy for distribution."[1] By order dated February 2, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, to waive the filing fees. For the reasons set forth below, the Court directs Plaintiff to show cause, within 30 days of the date of this order, why the Court should not dismiss this action for lack of subject matter jurisdiction.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

---

[1] These are the defendants as listed in the caption of the complaint. In the list of defendants included in the body of the complaint, Plaintiff lists the Food and Drug Administration; "Respiridol"; "Lincoln Hospital" which he describes as "a mental hospital pharmaceutical medicine distributor"; and "Long Island Jewish and various mental hospitals." (ECF 2, at 4.)

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff brings his claims using the court's general complaint form. He checks the box on the form to invoke the court's federal question jurisdiction. In response to the question asking which of his federal constitutional or federal statutory rights were violated, Plaintiff writes, "A drug was made to reduce my hormones without consent. The drug was aimed to produce female hormones."[2] (ECF 2, at 2.)

In the "facts" section of the complaint, Plaintiff writes, "First proven interaction with Respiridol was in Jamaica Hospital around the year 2017[.] Second proven interaction was at L Island Jewish mental hospital Elson Cottage 2001 or about[.] I think I continued drug in 2003 or 2004[.] Lincoln Hospital 2011 or 2012[.]" (*Id.* at 5-6.)

---

[2] Plaintiff writes with irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless otherwise indicated.

Plaintiff allege that after 12 years of taking Respiridol, his "hormones were completely stopped" and his body "was reduced to a weaker state." (*Id.* at 7.)

Plaintiff seeks $6.25 million in damages. He also requests "a law where anyone given this medication must be notified of its effects considering no male person should want to ever take this [medication]." (*Id.*)

## DISCUSSION

### A.     Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

### B.     Federal Question Jurisdiction

To support the exercise of federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action

or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff invokes the Court's federal question jurisdiction, but he does not identify any federal law under which his claims arise, and his factual allegations, construed liberally, do not suggest a plausible federal cause of action.

## C.    Diversity of Citizenship Jurisdiction

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Here, Plaintiff states that he is homeless and provides a New York, New York, address. He states that Defendant Lincoln Hospital, which he describes as "a mental hospital pharmaceutical medicine distributor," is located in the Bronx, New York.[3] Because Plaintiff and at least one of the Defendants reside in New York, complete diversity of citizenship appears to

---

[3] The Court understands Plaintiff to be referring to Lincoln Medical Center, which is in the Bronx, New York.

be precluded.[4] Furthermore, although Plaintiff seeks $6.25 million in damages, it is unclear from the allegations in his complaint that he could recover damages in excess of the $75,000 statutory minimum. *See Chase Manhattan Bank, N.A. v. Am. Nat. Bank & Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (the amount in controversy must be non-speculative in order to satisfy the statute).

The Court therefore directs Plaintiff to show cause, by filing a written declaration within 30 days of the date of this order, why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. In his declaration, Plaintiff must allege facts showing that (1) his claims arise under federal law, or (2) he and the defendants are citizens of different states and that his claim is in excess of the $75,000 statutory minimum.

## CONCLUSION

The Court directs Plaintiff to show cause, by filing a written declaration within 30 days of the date of this order, why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff's declaration, if any, should be submitted to the Pro Se Intake Unit within 30 days and should bear the docket number 23-CV-0750 (LTS). A declaration form is attached to this order.

If Plaintiff fails to submit a declaration within 30 days, or if the declaration does not show that the Court has subject matter jurisdiction of this action, the complaint will be dismissed for lack of subject matter jurisdiction.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[4] Plaintiff also lists as a Defendant "Long Island Jewish and various mental hospitals." (ECF 2, at 4.) To the extent Plaintiff seeks to sue Long Island Jewish Medical Center, the Court notes that that facility is also located in New York State.

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 6, 2023
         New York, New York

/s/ Laura Taylor Swain
_____
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____
Executed on (date)                          Signature

_____
Name                                         Prison Identification # (if incarcerated)

_____
Address                       City            State       Zip Code

_____
Telephone Number (if available)              E-mail Address (if available)